UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────

Jeremy Swenson, Jasper Radunz, and
Gary Cardinal, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.

WESTconsin Credit Union,

      Defendant.

───────────────────────────────

Case No. 16-cv-2344-MJD-HB

**ORDER FOR
PRELIMINARY APPROVAL**

The above matter came before the undersigned Honorable Michael J. Davis, United States District Court Judge, upon Plaintiffs' undisputed motion, pursuant to Fed. R. Civ. P. 23, for preliminary approval of the proposed class action settlement ("Proposed Settlement") of the above-described action set for in a Settlement Agreement dated October 13, 2017, ("Agreement"). All capitalized terms in this Order shall have the meanings given them in the Agreement.

Plaintiffs were represented by counsel Thomas J. Lyons, Jr. of the Consumer Justice Center, P.A. ("Plaintiffs' Counsel"). Defendants were

represented by counsel Christopher R. Morris, Esq. of Bassford Remele P.A.

The Court having heard the arguments of counsel, having reviewed the Agreement, its exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in the Action, and being otherwise fully advised:

**IT IS HEREBY ORDERED** that:

1. The agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Agreement and the Exhibits attached hereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

2. For purposes of the Proposed Settlement only, the Court hereby certifies plaintiffs' class, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> The 311 consumers residing in Minnesota and Wisconsin whose credit score was included in WCU filings in one or more county court actions from July 7, 2014 to July, 2016.

The foregoing is the "Settlement Class," and its members are "Class Members."

In support of this Order, the Court finds as follows:

The parties do not dispute, and the Court finds, that there are a sufficient

number of Class Members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

There are questions of law and fact common to all Class Members. Such questions include, but are not necessarily limited to, the following:

- Whether Defendant filed pleadings that contained unredacted and unsealed credit scores of class members, during the period July 7, 2014 to the present.

Plaintiffs' claims are typical of the claims of the members of the Settlement Classes. Plaintiffs' claims are not in conflict with, or antagonistic to, the claims of the Settlement Classes as a whole. Plaintiffs, as Class Representatives, and Class Counsel can fairly and adequately represent the interest of the Settlement Class. Questions of law and fact common to all members of the Settlement Class predominate over any questions affecting only individual members, for settlement purposes. A class, for settlement purposes, is superior to other available methods for the fair and efficient adjudication of this controversy.

3. If for any reason the Agreement ultimately does not become effective, Defendants' conditional withdrawal of its objections to the certification of a settlement class shall be null and void in its entirety; this Order certifying a

class shall be vacated; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before the date of the Settlement Agreement; and nothing stated in the Agreement and in this Order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action or proceeding of any kind.

4. Having reviewed the proposed Notice of Proposed Class Action Settlement attached as an Exhibit to the Agreement, the Court hereby approves such Notice and directs that Defendant cause the Notice to be delivered to Class Members by First Class Mail, based on address information gathered from business records of Defendant, and subsequent search of each name and address in the National Change of Address database.

5. The Court finds and determines that notice by First Class Mail given to Class Members in accordance with paragraph 4 herein constitutes the best notice practicable under the circumstances taking into account the nature of the claims and facts presented; that it constitutes due and sufficient notice of the Proposed Settlement and the matters set forth in said notice to all persons entitled to receive notice; and that it fully satisfies the requirements of due

process and of Fed.R.Civ.P. 23. The court approves First Class, Inc., of Chicago, Illinois as class administrator herein, with the authority to accept and disburse funds as directed by the court order and settlement agreement.

6. Any Class Member who desires to request exclusion from the Settlement Class, must submit a written Statement of Exclusion in the manner required by the Notice of Settlement and mailed to the Class Settlement Administrator at the address by the deadline set forth in the class notice. Statements of Exclusion must be addressed to the Class Settlement Administrator at the following address:

> WESTconsin Settlement Class Administrator
> c/o First Class, Inc.
> 5410 W Roosevelt Rd, Ste 222
> Chicago, IL 60644-1490

7. A hearing will be held before the Honorable Judge Michael J. Davis, United States District Court, Minneapolis, Minnesota at 9:30 a.m. on February 22, 2018 ("Final Settlement Hearing"), to determine: (a) whether the Proposed Settlement set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a final judgment should be entered dismissing the claims of Plaintiffs and the Class Members with prejudice and on the merits, as required by the Agreement; and

(c) whether to approve the *cy pres* award for excess funds as requested by the parties. The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

8. Application for an award of attorney's fees, costs, and expenses to Plaintiffs' Counsel ("Fee Petition") shall be filed with the Court in advance of the Final Settlement Hearing.

9. Within 60 days of the entry of this Order, Defendant shall cause a declaration to be filed with the Court certifying that notice has been mailed by regular United States mail to the Settlement Class, as directed in this Order.

10. Any Class Member who wishes to object to the Proposed Settlement, or to appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered thereon, must serve and file written objections in the form and manner required by the Notice of Settlement. Such written objections must be filed with the Court no later than the deadline set forth in the Notice of Settlement; must contain the objector's full name, telephone number, and current address; must declare that the objector is a member of the Class; and must provide a detailed statement of

the objector's specific objections to any matter before the Court and the grounds therefore. Copies of all materials also must be filed with the Clerk of Court and served upon counsel on or before the deadline set forth in the Notice of Settlement.

11. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in the Action, to any award of a Class Representative fee or of attorneys' fees, costs, expenses, and disbursements to Plaintiffs' Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date required herein and by the Notice of Settlement. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

12. Pursuant to Rule 23(c)(2)(B)(iv) any Class Member may enter an appearance through an attorney if the member so desires. From the date of entry of this Order until the Court holds the Final Settlement Hearing and determines the matters set forth in paragraph 7 of this Order, all Class Members (except those who have served a timely Statement of Exclusion) shall be barred from

asserting against the Released Parties any claims for which a Release and Covenant Not to Sue will be given, consistent with paragraph 8 of the Agreement, if the Court approves the Proposed Settlement.

13. Upon the entry of final judgment after the Final Settlement Hearing, Plaintiffs and all Class Members (except those who have served a timely Statement of Exclusion) shall be forever barred from asserting against Released Parties any claims that are being released, and Plaintiffs and all Class Members shall be conclusively deemed to have released any and all such claims.

14. Following the entry of final judgment after the Final Settlement Hearing, and upon the date that the settlement becomes Final and Effective within the meaning of those terms in the Agreement, which will occur after the date upon which the judgment in this action becomes not subject to further appeal or review, only Class Members who have not requested exclusion shall be entitled to a Settlement Payment as described in the Agreement.

15. The parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendant has at all times denied, and continues to deny, any allegation of wrongful act or omission alleged by Plaintiffs in this Action and any liability of any sort to Plaintiffs or any member

of the Settlement Class. Nothing contained in the Agreement, in any document relating to the Agreement, or in this Order shall be construed, deemed or offered as an admission by Plaintiffs or Defendant, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

16. The parties are ordered to take all reasonable steps necessary to complete this settlement, and all proceedings in this Action are stayed, except such actions necessary to implement the settlement and comply with this Order. No discovery with regard to the Agreement and the settlement or its administration shall be permitted by any Settlement Class Member or any other person, except as may be directed by the Court.

17. The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Settlement Hearing or at any hearing thereafter.

Dated: November 16, 2017        s/Michael J. Davis
                                Michael J. Davis
                                United States District Court