UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 16-cv-2344-MJD-HB

_____

Jeremy Swenson, Jasper Radunz, and
Gary Cardinal, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.

WESTconsin Credit Union,

      Defendant.

_____

ORDER FOR
FINAL APPROVAL

The above matter came before the undersigned Honorable Michael J. Davis, United States District Court Judge, upon Plaintiffs' undisputed motion, pursuant to Fed. R. Civ. P. 23, for final approval of the proposed class action settlement ("Proposed Settlement") as set forth in a Settlement Agreement dated October 13, 2017, (*ECF No. 40-1* - "Agreement"). All capitalized terms in this Order shall have the meanings given them in the Agreement.

Plaintiffs were represented by Thomas J. Lyons, Jr. of the Consumer Justice Center, P.A. ("Plaintiffs' Counsel"). Defendants were represented by Christopher R. Morris, Esq. of Bassford Remele P.A.

On or about October 13, 2017, after extensive arms-length negotiations, Plaintiffs and Defendants (or, when referred to jointly with Plaintiffs, the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On October 23, 2017, the Parties filed the Agreement, along with a Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, more than ninety (90) prior to the Fairness Hearing on February 22, 2018, counsel for the Defendant served written notice of the proposed class settlement on the appropriate federal and state officials.

On November 17, 2017, upon consideration of the Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (ECF No. 43 - hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed

settlement; (iii) appointed Plaintiffs Jeremy Swenson, Jasper Radunz, and Gary Cardinal as the Class Representatives; (iv) appointed Thomas J. Lyons, Jr. and Thomas J. Lyons, Sr., as Class Counsel; (v) designated First Class, Inc. as the Settlement Administrator with the authority to accept and disburse funds as directed by the court order and settlement agreement; and (vi) set the date and time of the Fairness Hearing.

On February 8, 2018, the Plaintiffs' filed a Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On February 22, 2018, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion, and record.

**IT IS HEREBY ORDERED** that:

1.  CLASS MEMBERS. The Court finally certifies plaintiffs' class, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

*The 311 consumers residing in Minnesota and Wisconsin whose credit score was included in WCU filings in one or more county court actions from July 7, 2014 to July, 2016.*

The foregoing is the "Settlement Class," and its members are "Class Members."

2. <u>CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT.</u>  The Court finally certifies Plaintiffs Jeremy Swenson, Jasper Radunz, and Gary Cardinal as the Class Representatives, and Thomas J. Lyons, Jr. and Thomas J. Lyons, Sr. as Class Counsel.

3. <u>NOTICES</u>.  Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to the Class Members.  The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the proposed notices were clearly designed to advise the Class Members of their rights.

4. <u>FINAL CLASS CERTIFICATION.</u> The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

- A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

- B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

- C. The claims of the Plaintiffs are typical of the claims of the Class Members;

- D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

- E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

5. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and

delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class.

6. SETTLEMENT TERMS. The Agreement, which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement. The Plaintiffs are each awarded $5,000 as statutory damages and for services as the class representatives. The Class is awarded $159,672.92 *less ultimate class administration costs* to be distributed among the class members as set forth in the Agreement. Any undistributed amounts are awarded as a *cy pres* remedy to West Central Wisconsin Community Action Agency, Inc.

7. OBJECTIONS AND EXCLUSIONS. The Class Members were given an opportunity to object to the settlement. Zero (0) Class Member(s) objected to the settlement. Zero (0) members of the Class have made valid and timely requests for exclusion and are excluded from the class and settlement and are not bound by this Order.

8. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT. The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. The Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

9. Class Counsel is hereby awarded $88,245.00 as a reasonable attorneys' fee, which represents 33.3% of the total settlement amount, and $2,082.08 in costs. Although Class Counsel requested fees in the amount of $135,000, or 50.9% of the total settlement amount, the Court finds such amount is not a reasonable fee based on reference to the lodestar calculation and to cases involving similar claims.

10. The Lawsuit is hereby dismissed with prejudice in all respects.

11. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

Dated:  February 28, 2018s/Michael J. Davis
Michael J. Davis
United States District Court